IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10388
_____

THE UNAUTHORIZED PRACTICE OF LAW COMMITTEE,

Plaintiff-Appellee,

v.

PARSONS TECHNOLOGY INC, doing business as Quicken
Family Lawyer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

June 29, 1999

Before KING, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:

Defendant-appellant Parsons Technology, Inc. appeals the
district court's grant of summary judgment in favor of plaintiff-
appellee, The Unauthorized Practice of Law Committee, and the
court's subsequent order permanently enjoining defendant-
appellant from selling and distributing its software programs,
Quicken Family Lawyer Version 8.0 and Quicken Family Lawyer '99,
within the state of Texas.  The district court based its decision
on its determination that the sale and distribution of the
software constitutes the "practice of law" under TEXAS GOVERNMENT
CODE ANNOTATED § 81.101 (1998).  See Unauthorized Practice of Law
Committee v. Parsons Technology, Inc., No. Civ.A.3:97:CV-2859H,

1999 WL 47235, at *6 (N.D. Tex. Jan 22, 1999); see also TEX. GOV'T CODE ANN. § 81.101(a) (1998) (stating that the "practice of law" includes, inter alia, "the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined").

Subsequent to the filing of this appeal, however, the Texas Legislature enacted an amendment to § 81.101 providing that "the 'practice of law' does not include the design, creation, publication, distribution, display, or sale . . . [of] computer software, or similar products if the products clearly and conspicuously state that the products are not a substitute for the advice of an attorney," effective immediately. H.B. 1507, 76th Leg., Reg. Sess. (Tex. 1999). We therefore VACATE the injunction and judgment in favor of plaintiff-appellee and REMAND to the district court for further proceedings, if any should be necessary, in light of the amended statute. Each party shall bear its own costs.